**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 25-6767**

───────────

DESMOND DENZEL ALLEN,

        Plaintiff - Appellant,

    v.

CITY OF COLUMBIA; COLUMBIA POLICE DEPARTMENT; NICHOLAS Q. SEXTON,

        Defendants - Appellees.

───────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Paige Jones Gossett, Magistrate Judge.  (3:25-cv-01354-MGL)

───────────

Submitted:  December 18, 2025              Decided:  December 23, 2025

───────────

Before NIEMEYER and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Desmond Denzel Allen, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Desmond Denzel Allen seeks to appeal the magistrate judge's recommendation to the district court that Allen's 42 U.S.C. § 1983 complaint be dismissed. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The magistrate judge's recommendation is neither a final order nor an appealable interlocutory or collateral order.[*] Accordingly, we deny Allen's motion for appointment of counsel and dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Although the district court adopted the magistrate judge's report before we considered this appeal, the doctrine of cumulative finality does not cure the jurisdictional defect. *Equip. Fin. Grp. v. Traverse Comput. Brokers*, 973 F.2d 345, 347–48 (4th Cir. 1992) (holding that doctrine of cumulative finality only applies where order appealed from could have been certified under Fed. R. Civ. P. 54(b)); *see In re Bryson*, 406 F.3d 284, 288 (4th Cir. 2005) (noting that "a premature notice of appeal from a clearly interlocutory decision" cannot be saved under the doctrine of cumulative finality (internal quotation marks omitted)).

2